IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01753-BNB

SHANE MCMILLAN,

    Petitioner,

v.

[NO RESPONDENTS NAMED],

    Respondent.

ORDER OF DISMISSAL

    Petitioner, Shane McMillan, is in the custody of the federal Bureau of Prisons and is currently incarcerated at ADX-Florence, Colorado. He initiated this action by filing a letter with the Court.

    On July 9, 2012, the Court reviewed the case file and issued an Order directing Mr. McMillan to cure enumerated deficiencies in this case within thirty days. Specifically, Petitioner was ordered to file a Complaint and a Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved forms. Mr. McMillan was advised that he could elect to pay the $350.00 filing fee in lieu of filing a § 1915 motion.

    On July 19, 2012, Mr. McMillan responded with a letter to the Court. (Doc. No. 4). In the July 19 letter, Petitioner states that he has not attempted to initiate a civil action. Instead, he represents that the relief he seeks from the Court is an order appointing an attorney to represent him in anticipated prison disciplinary and federal criminal proceedings. He further requests an order directing the Bureau of Prisons

(BOP) and the Federal Bureau of Investigation (FBI) to file the charges against him that he has "been told will be filed." (*Id.*).

The Court must construe Mr. McMillan's filings liberally because he is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a ***pro se*** litigant. ***See id.***

Mr. McMillan alleges in his initial filing that he was transferred to the Special Housing Unit of ADX-Florence on November 16, 2011, after he was allegedly involved in an assault on another inmate. He states that the FBI "read him his rights" at the time he was placed in segregation and that he asked for an attorney. Petitioner further states that the BOP's Special Investigative Services (SIS) officers have repeatedly told him that he will be prosecuted for a crime and have asked him to provide details about the alleged assault, but they have refused to provide him with an attorney. Mr. McMillan alleges that no federal criminal or prison disciplinary charges have been filed against him at this time.

Mr. McMillan is not entitled to the relief he seeks. As an initial matter, the arrest and prosecution of individuals for commission of federal criminal offenses is a discretionary function of the executive branch of government. ***See*** 28 U.S.C. §§ 533 and 547. Similarly, the BOP holds discretionary authority to discipline federal inmates. ***See*** 18 U.S.C. § 4042(a)(3). The constitutional doctrine of separation of powers precludes this Court from issuing an order directing the exercise of a discretionary executive function. ***See Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v.***

*Brown*, 656 F.2d 564, 566 (10th Cir. 1981); *Heckler v. Ringer*, 466 U.S. 602, 616, (1984) (federal court may issue a writ of mandamus pursuant to 28 U.S.C. § 1361 "only if the defendant owes the plaintiff a clear nondiscretionary duty"); *see also Jafree v. Barber,* 689 F.2d 640, 643 (7th Cir.1982) (the initiation of a criminal investigation by the FBI is a discretionary act, and the federal courts do not have the power to grant mandamus relief with respect to discretionary acts of FBI officers).

Furthermore, Mr. McMillan is not entitled to the appointment of counsel at this time.  An individual's Sixth and Fourteenth Amendment right to counsel "attaches only at or after the time that adversary judicial proceedings have been initiated against him," – whether by way of indictment, information, arraignment, or preliminary hearing. *United States v. Gouveia*, 467 U.S. 180, 187-88 (1984) (internal citations omitted).  It is only at that time "that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law."  *Kirby v. Illinois*, 406 U.S. at 689.

Mr. McMillan complains that no formal charges have been filed against him during the eight months since the alleged assault occurred.  Nonetheless, the Sixth Amendment right to counsel does not attach at an earlier date merely because of the possibility of prejudice to a defendant resulting from the passage of time.  *See Gouveia*, 467 U.S. at 191 (holding that inmates were not constitutionally entitled to the appointment of counsel while they were in administrative segregation and before any

adversary judicial proceedings had been initiated against them). Moreover, inmates do not "have a right to either retained or appointed counsel in [prison] disciplinary hearings." ***Wolff v. McDonnell***, 418 U.S. 539, 570 (1974), even where the charges involve conduct punishable as a crime under state or federal law.  ***See Baxter v. Palmigiano***, 425 U.S. 308, 315 (1976).

Accordingly, for the reasons discussed above, it is

ORDERED that this action is DISMISSED.

DATED at Denver, Colorado, this  26th  day of     July        , 2012.

BY THE COURT:


　　s/Lewis T. Babcock　　　　　
LEWIS T. BABCOCK, Senior Judge
United States District Court